In the United States District Court
for the District of Delaware

☐ LEGIBLE SCAN
(CHECK ONE)

☐ ARCHIVE THIS
PAPER DOCUMENT

Russell E. "Scott" Walker
      PLAINTIFF,

v.

New Castle County, Francis
Walsh, Legal Services Corp-
oration, Darryl A. Parson,
and Skabden, Arps, Meagher,
and Flom
      DEFENDANTS,

16 - 740

C.A. No. _____

Complaint



Comes now, the Plaintiff Russell E. Scott Walker, ProSe,
and pursuant to Federal Rules of Civil Procedure Rule 3, 4th
Amendment of the United State Constitution and the State
of Delaware Constitution, 42 USC 1982, 42 USC 1983, and the
Americans with disabilities Act to aver the following facts.

## Jurisdiction and Venue

1. This court assume jurisdiction over these claims pursuant
to 28 USC 1331, 28 USC 1343, 28 USC 1367.

2. Plaintiff's claims are authorized by 42 USC 1982, 42 USC 1983,
42 USC 1985, 42 USC 10807 Et. Seq., 42 USC 12203, 6 Del. C. 4680,
6 Del. C. 4816, 6 Del. C. 4619 (1)(2)(3), 11 Del. C. 1201, 11 Del. C. 501,
11 Del. C. 792, 11 Del. C. 1211, and 11 Del. C. 821.

3.   Plaintiff seeks injunctive and monetary relief, comprised of actual and punitive damages, pursuant t 42 USC 3613.

4.   Venue is appropriate in this district pursuant to 28 USC 1391(b), because all acts stated within this complaint occurred within this district. In addition, Plaintiff's principle office is located within this district, and all the claims alleged in this complaint transpired in this district.

## The Parties

5.   Plaintiff: Russell E. "Scott" Walker, Pro Se. Mr. Walker is a resident of Milton, Delaware — Sussex County, and is the owner of 19 Hessler Lane, Wilmington, Delaware 19805. Walker Previously owned:

A. 225 Philadelphia Pike, Wilmington, DE 19809
B. 227 Philadelphia Pike, Wilmington, DE 19809
C. 207 Harvey Road, Claymont, DE 19703
D. 604 Darley Road, Claymont, DE 19703
E. 3632 Topaz Drive, Claymont, DE 19703

Mr. Walker is a citizen of the State of Delaware.

6.   Defendant: New Castle County is a political subdivision of the State of Delaware, and has its head quarters at 87 Reads Way, New Castle, DE 19720

2

7.  Defendant: Francis Walsh is employed by New Castle County as a Code Enforcement Field Officer.

8.  Defendant: Legal Services Corporation (here by 'LSC') is located at 100 West 10th Street, Suite 203, Wilmington, DE 19801. LSC provides Pro Bono Legal Services to indigent clients.

9.  Defendant: Darryl A. Parson is employed by New Castle County as the New Castle County Solicitor. Mr. Parson is an Attorney in good standing with the Delaware Bar (#4134)

10.  Defendant: Skabden, Arps, Meagher, and Flom is a Law Firm located at One Rodney Square, 920 N. King Street, Wilmington, DE 19801, and are the Counsel of Defendant LSC.

## Statutory Framework

11.  11 Del. C. 1201: Bribery is codified as a Class 'E' Felony by the Delaware Legislators.

12.  11 Del. C. 502: Criminal Solicitation in the 2nd Degree is codified as a Class 'F' Felony by the Delaware Legislators.

13.  11 Del. C. 791: Coersion is codified as a Class 'A' Misdemeanor by the Delaware Legislators,

14.  11 Del. C. 1211: Official Misconduct is codified as a Class 'A' Misdemeanor by the Delaware Legislators.

3.

15.    11 Del.C. 822 : Criminal Trespass in the 2nd Degree, and is codified as an Unclassified Misdemeanor by the Delaware Legislators.

16.    The 4th Amendment of the United States and the State of Delaware's Constitution States...
   "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated."

17.    18 USC 1512 (b)(1): Tampering with a Witness, Victim, or Informant states...
   "Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct towards another person with intent to;
   (1) influence, delay, or prevent testimony of any person in an official proceeding shall be fined or imprisoned not more than 20 years, or both."

## Standing

18.    The Plaintiff has standing to pursue this Civil Action, as he is the proprietor of 19 Hessler Lane, Wilmington, DE. He has directly been financially harmed due to the Defendants' actions, and has subsequently suffered the loss of rental income.

## Prima Facia

19. In order to survive, a case must first show Prima Facia evidence I.E. proof on its Face. In the matter at hand, a Bribery Scheme was implicated. Witnesses have first hand knowledge of the act(s), and have sworn and notorized Affidavits attesting to this. Another witness, who also has a sworn, signed, and notorized Affidavit attesting to the fact that he spoke directly to the Briberer himself, and heard the later's admission. Therefore, the Plaintiff believes that enough evidence exists to merit this case proceeding forward for service.

## History of this Case

20. The Plaintiff has had a long standing dispute with many of the Defendants regarding Falsly enacted Code Inspections and illegal searches against his properties. The matter at hand is unique, bonified and completely verifiable. The Plaintiff was sub-jectected to non-stop harrassment, threats, intimidation, coersion, and interference as a direct result of these inspections and illegal searches.

## Facts of the Case

21. This case is very simply a structured Bribery Scheme targeting the Plaintiffs.

22. The Plaintiff, Russell E. "Scott" Walker, is the owner of 19 Hessler Lane, Wilmington, Delaware 19805.

23. Since 2014 the Hessler house has had several residents: including, but not limited to: Gail Dunn, Nathaniel Simmons, William Akers, Dwayn Butler, Kenneth Johnson, and Helena Maddox, all of whom witnessed aspects of this scheme.

24. Defendan Francis Walsh in his official capacity, and under color of law as a Code Enforcement Field Officer unlawfully, entered the 19 Hessler Lane residence by bribing a residence of the house with cigarettes and free rides. In addition, the resident, Gail Dunn, accepted money from Walsh. (Official Misconduct)(4th Amend.)

25. Walsh expressed to Ms. Dunn that she would get free rent, and other things of tangible value in exchange for vandalizing the house. (Coersion)(Crim.Sol.)

26. When this act of vandalism transpired, Dunn would then call Defendant Walsh's employer, Defendant, New Castle County and "report" the bogus Code Violations I.E. removed fire detectors, punched holes in the wall, sliced wires, and plugged up drains with clothes. (Conspiracy)

27. Dwayne Butler, Gary Crawford, and William Akers all witnessed Ms. Dunn's vandalism.

28. Ms. Dunn would then exchange her acts for doing harm to Walker.

29. Defendand Francis Walsh confirmed this in a telephone conversation with resident Nathaniel Simmons.

30.   Defendant Legal Services Corporation knew of the Bribery Scheme and materially participated [and profitted] in it.(Conspiracy)

31.   Walsh would then "inspect" the residence and cite more Code Violations on the Plaintiff. (Official Misconduct)

32.   After Plaintiff was told of these actions by his residents who witnessed them, Walker reported it to the F.B.I.

33.   After learning of the F.B.I's involvement, Walsh had Ms. Dunn moved from the residence [in the secret of the night] and secretly placed in an unknown hotel at the County's expense. (Interference)

34.   Legal Services Corporation then gave free legal help to Ms. Dunn, as well as any other resident in "like" situations.

35.   LSC is paid by the case lead; thus more cases equates to more funds.

36.   Ms. Dunn's Violations equals rent abatement, extended from Walker, and thus harming him with L.S.C is Full knowledge.

37.   Claim I ~ Violation of 42 USC 1985 (3): Conspiracy. Francis Walsh conspired with LSC, as well as Gail Dunn to harm the Plaintiff, Russell E. "Scott" Walker.

38. Claim II ~ Violation of 42 USC 1983: Unauthorized Search.

39. Claim III ~ Violation of 4th Amendment: Walsh unlawfully gained access to 19 Hessler Lane with bribery and coersion.

40. Claim IV ~ Violation of 42 USC 12203(a): Prohibition against Retaliation and Coersion. Walsh used coersion and bribery to gain enterence into a group of disabled peoples' home for the purpose of retaliation against the Plaintiff for naming his office in other actions.

41. Claim V ~ Violation of 11 Del. C. 502: Criminal Solicitation in the Second Degree: "A person is guilty when, intending that the other person engage in conduct constituting a Felony, a person solicits the other person to engage in an act also constituting a Felony." Here Walsh solicited and bribed Dunn to use vandalism to create bogus Code Violations.

42. Claim VI ~ Violation of 11 Del. C. 1201: Bribery. Walsh used bribery to gain access into the home.

43. Claim VII ~ Violation of 11 Del. C. 822: Criminal Trespass in the 2nd Degree: Walsh illegally gained access to 19 Hessler Lane, and as such Criminally Trespassed in the home.

44. Claim VIII ~ Violation of 11 Del. C. 1211: Official Misconduct. "A public servant is guilty of Official Misconduct when..."
    (1) The public servant commits an act constituting an unauthorized exercise of official functions, knowing that

· 8 ·

the act is unauthorized..."

Walsh, acting under the color of law, and in his official capacity engaged in the aforementioned infractions.

45.   Claim IX ~ Violation of 6 Del. C. 4619: Fair Housing Act:
"Whoever, whether or not acting under color of law... intimidates, or attempts to, an individual due to their handicap."

46.   Claim X ~ Violation of the Americans with Disabilities Act:
In the matter at hand an official representative, Farancis Walsh did, while knowing the 19 Hessler Lane house had residents with disabilities, engage in a plethora of illegal actions with one thing in mind ... harming the Plaintiff for what he entails are wrongful actions. Now Walsh has created an unsafe environment at 19 Hessler Lane. The residents, many of whom have mental illness' such as: PTSD, Depression and bipolar disease, and anxiety, are now suffering from the fears that their home is no longer safe from Mr. Walsh, and the County's unlawful conduct.

<u>Rooker - Feldman</u>

The Plaintiff closes by saying that all claims are new and unadjudicated, so therefore <u>Rooker v. Fidelty Trust Co.</u> 263 US 413, which states that a case applies when it is a case brought by a State loser to a District Court for their opinion, in not applicable. Since the A.D.A and F.H.A. are linked it is suitable for Federal review.

## Relief

In light of the aforementioned wrongs committed against the Plaintiff, the following relief is asked for and warranted.

Compensatory Damages: In the amount of $ 1,000.00 per Defendant for lost income.

Punitive Damages: In the amount of $100,000 per Defendant.

Respectfully Submitted,

Russell E. "Scott" Walker

Russell E. "Scott" Walker

P.o. Box 516

Milton, DE 19968

Date: 8-16-2016

11.

P. O. Box 516
Milton, De 19968



U. S. District Court
ATTN: Michael Cerino, Clerk of Court
Civil Division
844 N. King Street
Unit 18
Wilmington, De 19801

FILED
AUG 22 2016
U.S. DISTRICT
DISTRICT OF DELAWARE

